Bennett v. Bevard.

## BENNETT *v.* BEVARD.

The word "hereafter," in section 1672 of the Code, in relation to the time of commencing an action, has reference to the time when the Code took effect, and not to the time of its passage.

The object of section 1672 of the Code, was to prevent the application of the general rule, contained in section 1671, to causes of action which had accrued prior to July 1, 1851, but were not yet barred, without giving a reasonable time, after the taking effect of the Code, within which to bring the action.

Under section 1672, a party is entitled to *at least* half the time specified in the Code, for the commencement of his action, after the Code took effect.

If, upon the expiration of half the time specified by the Code, the whole period allowed by the first section (1659) of chapter 99, counting from the time the cause of action accrued, has not expired, then the party may sue at any time before that period expires.

An action was commenced on three promissory notes, two of which were dated February 2, 1850, and the other April 24, 1851, and all became due in one day after their respective dates. The original notice was delivered to the sheriff, November 24, 1856, and returned not served, May 18, 1857, the defendant not being found; service was made on the defendant on the 12th of September, 1857. The defendant pleaded the statute of limitations: *Held*, That none of the notes were barred by the statute of limitations.

Bennett v. Bevard.

*Appeal from the Muscatine District Court.*

THURSDAY, JUNE 10.

This action was brought on three promissory notes; two of them dated February 2, 1850, and the third April 24, 1851, and all due one day after their respective dates. The original notice was delivered to the sheriff on the 24th of November, 1856, and was returned not served, (the defendant not being found), on the 18th of May 1857. On the 12th of September, 1857, defendant was served, but when the notice was delivered to the person serving the same, does not appear. The defendant pleaded the statute of limitations. The other facts material to a full understanding of the questions decided, sufficiently appear from the opinion of the court. Plaintiff appeals.

*Henry O'Connor*, for the appellant.

The only error assigned goes to the sufficiency of the plea of the statute of limitations. The question is one of great importance — important as a question of law, in settling the construction of the statute—and not wholly without importance in the case at bar, the amount being very considerable. I am not aware of any decision of the supreme court on this precise question, and have not been able to find any in the reported decisions. The question must, therefore, I take it, be decided on principle, and in that view it becomes all the more important.

It is evident from section 1659, that it was the intention of the Code to make a distinction as to the time of limitation between written and unwritten contracts; that the legislature intended to give more solemnity to simple contracts in writing, hitherto considered under the head of parol contracts. Hence, the period of limitation on unwritten contracts, open accounts, &c., which heretofore had six years, and were on the same footing with promissory notes, now have only five years to run, while promis-

sory notes have now ten years to run, and are put on precisely the same footing with judgments, (except those of courts and record), and actions for the recovery of real property. Now, the construction claimed for the statute in this case, would, instead of enlarging the time of limitation on promissory notes, lessen it, and make those instruments something less, instead of something more, than parol or simple contracts. Let us take the fourth clause of section 1659, and the whole of section 1671, of the Code, and put them together, and see what they will make : The fourth clause of 1659 says: "Those founded on written contracts, on judgments of any courts, (except those provided for in the next section), [courts of record], and those brought for the recovery of real property, within ten years." And then section 1671 says: "The provisions of this chapter are intended to apply to causes of action which have already accrued, and are not yet barred, subject to the regulations contained in the following two sections." Now, leave out the last clause in 1671, and we have this case precisely; here is a written contract upon which a cause of action has already accrued, (when the Code took effect), but which is not yet barred. What applies to it? The provisions of this chapter. And what are the provisions of this chapter? why, that the action shall not be barred short of ten years. Now, how do the regulations, contained in the two next sections qualify it? Not in any way, I think, so far as written contracts are concerned; section 1672 says: "The times hereafter allowed, &c., shall in *no case be less than one half* the periods of limitation herein respectively prescribed," does it follow, as is contended, that they shall in no case be more? If that were so, it would make nonsense of the language—so, at least, it strikes me; if it were so intended, the legislature could have said, and it seems to me would have said, at once, that in all cases on which a cause of action has already accrued, and which is not yet barred, the period of limitation shall be one half the time herein respectively fixed on such causes of action. If there was no other

subject, or cause of action, for sections 1672 & 1673 to act on, except those of written contracts, there might be some plausibility in claiming for it the construction claimed by defendants; but section 1673, shows, or tends to show, that the provisions of those sections were intended, for unwritten contracts, open accounts, &c.; that is, that the period of limitation in those cases in which the new statute did not enlarge the time, should still have the same time to run which they would have had, if the old statute had not been repealed. But, with regard to those causes of action in which the Code did enlarge the period of limitation, there was no necessity for the saving clause, for those actions had the whole time of the new statute, which was all they could have secured to them by the saving clause, and might be something more. Again: This section 1763 was intended to apply to real actions, or actions for the recovery of real property. Under the statute of 1843, (page 385), the period of limitation was twenty years. Under the Code, it is ten years. There was another class of cases for those "regulations" to affect and operate on. A cause of action for the recovery of real property, might have accrued in 1850, just one year before the Code took effect. It was not barred when the Code took effect. Under the provisions of section 1763, no one will doubt, but that the cause of action would still subsist for nineteen years after the Code took effect.

The legislature meant something, when they enlarged the time of limitations on promissory notes, and provided that the provisions of the act should apply to causes of action which had already accrued, but which were not yet barred. A promissory note is not like an open or running account, or rent, or penalty in a bond, or any of those matters where the sum is not liquidated, but requires evidence *alliunde* to establish it. It is somewhat violent to presume a note paid from lapse of time, and this is the presumption upon which all statutes of limitation are founded. Ordinarily, a man takes up his note when he pays it. In many of the states, the period of limitation on

promissory notes, is much longer than ten years. In Ohio and Illinois, it was, and I believe is, yet sixteen years. I must say that I think as sincerly, as I ever entertained any opinion in my life, that the limitation on those notes is ten years from the taking effect of the Code. And only regret that it is beyond my capacity to get my ideas as clearly before the court, as they are to my own mind.

*Richman & Brother*, for the appellee.

The question in this case is, is a note, upon which a cause of action had accrued, and where the old statute had commenced running, before the adoption of the Code, barred in five years after the Code took effect? The defendant contends that it is, and we propose to offer such reasons, and such authority, for that construction, as we may be able to.

An action on a promissory note, under the old statute, was barred in six years. The notes in this case were given February 2, 1850, or two of them were, and a third one on the 24th of April, 1851. The notice was served on the 12th day of September, 1857; and this, we contend, was the commencement of the action. See sec. 1714. It is true, that sec. 1663 somewhat modifies 1714, by making the delivery of the notice to the sheriff, with intent that it be served immediately, the commencement of the action. But the contrary was evidently the intent here, for the petition asks for an attachment; and the ground work for the attachment is, " that the defendant is a non-resident of the State," sworn to by the plaintiff. Thus, it appears, that it was not the intention to have the notice served, but was merely a step preparatory to serving the defendant with notice by publication. The attachment does not figure in the case, as nothing was attached, and jurisdiction was obtained afterwards by a personal service, on the defendant, on the 12th of September, 1857. The point as to when the suit was commenced, is only material so far as the last note is concerned, and not even in regard to

that, unless the Supreme Court shall hold, as the district court did, that the Code had not altered the rights of the parties, and that it took six years from the time the notes were due, to bar the action. Now, our position is, that the notes were barred in five years, after the taking effect of the Code, to-wit: on the first day of July, 1856. We do not perceive the difficulties under which the plaintiff's attorney seems to labor, in giving a construction to the sections of the Code to which he has referred, namely, sections 1671, 1672, and 1673, and we are somewhat inclined to think, that they are exaggerated, or exist only where he attempts so to construe them, as not to bar his action in less than ten years. Sec. 1671 provides, that "the provisions of this chapter are intended to apply to causes of action which have already accrued, and are not yet barred, subject to the regulations contained in the following two sections." Now, actions had accrued on all of these notes, and they were not yet barred at the time of the passage of the Code, so that they come within the class to be affected by the next "two sections." Sec. 1672 says: "The times hereafter allowed for commencing actions, in such cases, shall not be less than one-half the periods of limitation herein respectively prescribed, except as provided in the next section." Sec. 1673 reads as follows: "But when the period of limitation heretofore fixed by statute, is not enlarged, by the provisions of the first section of this chapter, the time allowed for the commencement of a suit, shall in no case be greater than that fixed by the law heretofore in force, as applied to those cases." Now, it will be seen, that the last section quoted has no applicability to the present case. By its terms it applies only to cases where the periods of limitation are not enlarged. If, then, the period of limitation as applied to promissory notes, is enlarged, section 1673 need not be examined or construed in this case, and we ask that a construction may not be given to it in this case, unless the court find it absolutely necessary to do so, on account of other cases pending, which might be affected. By reference to section

1659, (fourth subdivision), it will be seen that the Code fixes the period of limitation, on written contracts, at ten years. The period of limitation before the Code, was six years. It is evident, then, that the time has been enlarged, and sections 1671 and 1672 govern the case. This being conceded, it follows that the time allowed for commencing an action, in this case, is one-half the period of limitation fixed by the Code. The whole period is ten years, the half of it is five years; and, consequently, the period within which the action must have been commenced, expired on the first day of July, 1856, the Code having become the law of the land on the first day of July, A. D. 1851.

There was a quibble in the argument of plaintiffs below, and the same quibble may be started again in the Supreme Court. We therefore notice it. It was this: That section 1762, instead of saying "one-half of the period," says " not less than one-half," and it was thence argued that the court could fix the law on a sliding scale; that is, that it could not allow less than five years; but might allow (in its discretion, we suppose), as much more as it thought proper, so that the ten years were not exceeded. We think this answers itself.

WRIGHT, C. J.—We are called upon to determine but one question, and that is, whether plaintiff's right of action upon either, or all of the notes, was barred by the statute of limitations. The Code provides that the delivery of the original notice to the sheriff of the proper county, with intent that it be served immediately, (which intent shall be presumed, unless the contrary appears), or the actual service of that notice, by another person, is a commencement of the action. Section 1663. Whether this action was commenced at the time the first original notice was delivered to the sheriff, or when the service was finally made on the second one, we deem it immaterial to determine, for in either event, we think the plaintiff's action was not barred.

Under the law in force at the time these notes were given, and when plaintiff's right of action accrued, the action was required to be commenced within six years. The Code provides that actions founded on written contracts, may be brought within ten years, and not afterwards—section 1659. And then, by sections 1671, 1672, and 1673, it is provided, that "the provisions of this chapter are intended to apply to causes of action which have already accrued, and are not yet barred, subject to the following regulations : the times hereafter allowed for commencing actions, in such cases, shall not be less than one-half the periods of limitation herein respectively prescribed, except, that when the periods of limitation heretofore fixed by statute, is not enlarged by the provisions of section 1659, the time allowed for the commencement of a suit shall in no case be greater than that fixed by the law heretofore in force, as applied to those cases."

We have assumed that the law in force at the time plaintiff's right of action accrued, required him to sue within six years thereafter. Of this there can be no doubt as to the notes dated in 1850; for the Code, which repealed, the law of 1843, was not passed until February 5th, 1851. It did not take effect, however, until July 1st, 1851. And the word "hereafter," in section 1672, has reference to that date, and not to the time of the passage of the Code; section 35. *Charless & Blow* v. *Lamberson*, 1 Iowa, 435. And thus we see that the last note, though dated after the passage of the Code, but before its taking effect, must be governed by the same rule. At the time the Code took effect, then, plaintiff's cause of action had accrued upon all the notes, but it was not barred as to either. If, therefore, the question stood alone upon the provisions of sections 1659 and 1671, the plaintiff might have brought his action at any time within ten years from the time his right of action accrued. And this, and the subsequent provisions, we may remark, were made, as we suppose, to obviate the difficult question which had arisen under the law of 1843, that law containing no rule for the government of

actions, the causes of which had accrued prior to its taking effect.

And now, the question is, what effect is to be given to the exceptions contained in sections 1672 and 1673. In the first place, we remark, that section 1673 may be left entirely out of consideration, for that applies to cases where the period of limitation heretofore fixed, is not enlarged by the Code, and, as in this instance, the period of limitation is enlarged, we look for our rule alone to section 1672. What effect has this exception upon the general rule, as laid down in sections 1659 and 1671? In other words, what is meant by this section? The answer to these inquiries is, perhaps, best given in the very words of the section. We propose, however, as far as possible, to give additional clearness to its meaning. And first, it is provided that the times hereafter allowed for commencing actions, "*in such* cases," &c. We ask, in what cases? Manifestly those actions which had already accrued, but were not yet barred, referred to in the preceding section. The time allowed in such cases, then, is not to be *less* than one-half the periods of limitation in said chapter provided. And thus we see, in the second place, that the language is not that the times hereafter allowed for commencing actions in such cases, shall not be *greater* than one-half the periods of limitation herein respectively, prescribed, but shall not be less. It would certainly seem, however, that if the legislature intended, in such cases, to limit the bringing of the suit to one-half the time, or, in this case, to five years, the words "not greater," or "not more," or something equivalent, would have been used, instead of the language employed. Again, we suppose that the object of this section was to prevent the application of the general rule, contained in section 1671, to causes of action which had accrued, and were not barred, without giving a reasonable time after the taking effect of the new law, within which to bring the action. And the reason and policy of such a rule we can best illustrate, by stating a case which might arise. Under the statute of 1843, every

Bennett v. Bevard.

action on the case for slanderous words, was to be commenced within one year after the words were spoken. Under the Code, such action must be brought within *two* years. But if the cause of action arose before the taking effect of the Code, and was not barred, the plaintiff might have at least half the time fixed in the Code, that is, one year, for bringing his action. If, however, at the expiration of this one year, or on the first of July, 1852, the two years had not expired, then the right to commence the action still continued until the expiration of the full term of two years, from the time the cause of action accrued. And so in the case before us.

Upon two of the notes, under the law of 1843, the plaintiff's action would have been barred on the second, or, perhaps, the fifth day of February, 1856. The Code provides, however, that it shall not be barred until in February, 1860. If, however, the notes had been dated in June, 1845, then they would have been barred in June, 1855, but for section 1672, which, in such a case, gives half the ten years provided for in section 1659, to-wit: five years from the first of July, 1851, or until July, 1856. We think this section, (1672), was intended to provide for all causes of action accruing before the taking effect of the Code, where the period of limitation fixed before that time, was not enlarged by the provisions of section 1659. In doing so, it was necessary to establish a general rule, or one that would be applicable to all cases coming within its provisions. This rule is, that after the Code takes effect, a party shall have half the time herein, (in the Code), for commencing his action. He may have more, but he shall not be cut off with less. If, however, upon the expiration of this time, (that is, half the time), the whole period allowed by the first section of chapter 99, counting from the time the cause of action accrued, has not expired, then the party may sue at any time before that period expires. Any other construction, it seems to us, does violence to the language used, and contravenes the object and purpose of the law.

                                    **Judgment reversed.**